IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSE M. MANZO-URBINA,

                                OPINION AND ORDER

             Plaintiff,

                                 12-cv-7-slc[1]

      v.

DOUGLAS L. McLEAN and
ATTY. ANTHONY C. DELYEA,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Jose M. Manzo-Urbina has filed a proposed complaint under 42 U.S.C. § 1983 and has made an initial partial payment as required by 28 U.S.C. § 1915(b)(1).   Because plaintiff is a prisoner, I must screen his complaint to determine whether it states a claim upon which relief may be granted.

Not all of plaintiff's allegations are easy to follow, but I understand him to be alleging that defendant Anthony Delyea was his public defender and defendant Douglas McLean was the prosecutor in a criminal trial in state court.   In addition, he says that both defendants violated his constitutional rights in various ways in the context of that prosecution, such as

---

[1]   I am exercising jurisdiction over this case for the purpose of this order.

1

by failing to disclose important information about the consequences of pleading guilty, coercing him into waiving his rights and withholding documents necessary for appeal.

To the extent plaintiff is claiming that he was convicted wrongly because defendants violated his constitutional rights, those are not claims he can bring in the context of a civil action under 42 U.S.C. § 1983. If a prisoner believes he was convicted unlawfully, he must first challenge his conviction in state court on direct appeal or in a post conviction motion. If those efforts are unsuccessful, he may file a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in federal court. However, he may not file a lawsuit under § 1983 until he has overturned his conviction through another route, even if he is seeking damages rather than release from prison. Heck v. Humphrey, 512 U.S. 477 (1994); Preiser v. Rodriguez, 411 U.S. 475 (1973).

A second problem with plaintiff's complaint is that neither defendant may be sued under § 1983. Prosecutors such as defendant McLean are entitled to immunity because of concerns that they would be unable to perform their jobs if they could be sued any time a criminal defendant was dissatisfied with the resolution of his case:

> The public trust of the prosecutor's office would suffer were the prosecutor to have in mind his own potential damages liability when making decisions-as he might well were he subject to § 1983 liability. . . . A prosecutor . . . inevitably makes many decisions that could engender colorable claims of constitutional deprivation. Defending these decisions, often years after they were made, could impose unique and intolerable burdens upon a prosecutor responsible annually for hundreds of indictments and trials.

2

<u>Van De Kamp v. Goldstein</u>, 555 U.S. 335, 341-42 (2009) (internal quotations omitted).

Public defenders may not be sued because lawsuits under § 1983 are limited to persons who act on behalf of the government or exercise government authority, functions that do not include public defenders.  Although public defenders are paid by the government, in all other ways they are no different from a private attorney representing a client.  <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981).

For all of these reasons, plaintiff cannot proceed with his claims in this court.  If he believes that he was convicted in violation of the Constitution, he may file a habeas petition under § 2254, *after* he exhausts all of his available state court remedies in the state courts.

ORDER

IT IS ORDERED that

1.  Plaintiff Jose Manzo-Urbina's complaint is DISMISSED for his failure to state a claim upon which relief may be granted.

2.  A strike will be recorded in accordance with 28 U.S.C. § 1915(g).

3.  Although the case is being dismissed, plaintiff still is obligated to pay the unpaid balance of his filing fee in monthly payments as described in 28 U.S.C. § 1915(b)(2). Section 1915 does not include an exception for dismissed cases. The clerk of court is directed to send a letter to the warden of plaintiff's institution informing the warden of the obligation

3

under <u>Lucien v.  DeTella</u>, 141 F.3d 773 (7th Cir. 1998), to deduct payments from plaintiff's

trust fund account until the filing fee has been paid in full.

    4.  The clerk of court is directed to enter judgment in favor of defendants and close

this case.

    Entered this 23rd day of March, 2012.

                  BY THE COURT:

                  /s/

                  BARBARA B.  CRABB
                  District Judge

4